# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 90-0087-WS |
| ) | |
| LEROY WEADEN, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's *pro se* Motion for Court to Take Judicial Notice of Mitigating Factors that Warrant an Additional Increase of Sentence (doc. 38).

On December 1, 2011, defendant Leroy Weaden, Jr. filed a motion seeking reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines, which retroactively reduced the base offense level associated with certain crack cocaine offenses. The undersigned entered an Order (docs. 36 & 37) granting Weaden's motion, affording him the full benefit of Amendment 750, and reducing his sentence from life to 360 months, the low end of the new calculated guidelines range.[1]

Weaden now asks that his sentence be reduced further, on the humanitarian grounds that he is 73 years old and in poor health. But this Court is not authorized to reduce his sentence any more than it already has. After all, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Here, the judicial power to modify Weaden's sentence stems exclusively from 18 U.S.C. § 3582(c)(2), which provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[1] Specifically, after retroactive application of Amendment 750, the Court found that Weaden's base offense level was 36 (based on the original determination at sentencing that the offense involved 5 kilograms of crack cocaine). Retaining the original 3-level enhancement for role in the offense and 2-level enhancement for obstruction of justice, the Court found that Weaden's revised total offense level was 41 which, in conjunction with his criminal history category of VI, corresponds to a revised guidelines range of 360 months to life.

Sentencing Commission … the court may reduce the term of imprisonment … ***if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission***." 18 U.S.C. § 3582(c)(2) (emphasis added). Plainly, then, such a reduction is authorized only insofar as it is consistent with the Sentencing Commission's policy statements. *See United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2009) (explaining that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission"); *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) ("Any retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be consistent with applicable policy statements issued by the Sentencing Commission.") (citation and internal quotations omitted). This avenue for relief is a "limited and narrow exception to the rule that final judgments are not to be modified." *Armstrong*, 347 F.3d at 909; *see also Dillon v. United States*, --- U.S. ----, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").

The applicable Sentencing Commission policy statement is found at U.S.S.G. § 1B1.10, which provides that retroactive application of Amendment 750 is available via § 3582(c)(2) motion. But that same policy statement provides that, subject to an exception that is inapplicable here, district courts "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range …." U.S.S.G. § 1B1.10(b)(2)(A). After factoring in the two-level reduction permitted by Amendment 750, the minimum of Weaden's amended guideline range is 360 months, which is precisely the sentence the Court imposed in granting his § 3582(c)(2) motion. Simply put, the undersigned has already granted Weaden the maximum relief that it is empowered to grant under § 3582(c)(2) and the applicable policy statements issued by the Sentencing Commission. Those policy statements – by which this Court is bound in any § 3582(c)(2) sentence modification – expressly preclude any further reduction here. *See Dillon*, 130 S.Ct. at 2691 ("Courts generally may not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) … to a term that is less than the minimum of the amended guideline range produced by the substitution.") (citation and internal quotation marks omitted).

Weaden's Motion would have the Court disregard the policy statement and fashion more generous relief than § 1B1.10 would allow. In light of the foregoing principles and authorities, such an argument is unsustainable, as a matter of law. Weaden has already received all the relief for which he is eligible under Amendment 750. Accordingly, the Motion for Court to Take Judicial Notice of Mitigating Factors (doc. 38) is **denied**.

DONE and ORDERED this 13th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE